UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR No. 05-10133-NG |
| | ) | |
| v. | ) | |
| | ) | |
| ROBERT MANOSKY, | ) | |
| Defendant | ) | |

### SENTENCING MEMORANDUM

## I.    INTRODUCTION

Robert Manosky, a 63 year old Massachusetts native with no prior record, is before the court for sentencing having pled guilty to a charge of having more than 10 images of child pornography on his computer.  He has been incarcerated at the Plymouth Count Correctional Facility pending disposition for the past 15 months because he has been  unable to meet the conditions of release which the magistrate judge found would be necessary to insure his appearance.  Specifically, he was unable to find a third party custodian because he has no family remaining who were capable of performing the duties required of a third party custodian.    Defendant is submitting this memorandum to assist the court in imposing a fair sentence pursuant to 18 U.S.C.  Sec. 3553 (a)

## II.    PROPOSED SENTENCE

Defendant submits that the following proposed sentence is fair, appropriate and should be imposed by the Court:

1.    16 months in the custody of the Attorney General; and

2.    3 years supervised release with the following special conditions:

(a)    Mental health counseling at the direction of probation; and

(b)    No internet access.

III.    **REASONS FOR PROPOSED SENTENCE**

18 U.S.C. §3553(a) sets out, in broad terms, the factors which the Court should consider in arriving at an appropriate sentence – a fair sentence.  It also mandates that the Court impose a sentence sufficient but not greater than necessary to comply with the sentencing purposes set out in §3553(a)(2).

Under United States v. Booker, 343 US 220 (2005) and United States v. Jiminez-Beltre, 440 F3d 514, (1st Cir 2006) the Court must begin with the sentencing guideline range calculated for the defendant. It is not, however, bound to impose a sentence within that range, where the defendant can point to facts and circumstances demonstrating that a lower sentence fits the fairness standard of Booker.

 The fundamental duty of the Court is to impose a fair sentence individualized to the Defendant before it, while avoiding unwarranted sentence disparities among similarly situated Defendants (See, §3553(a)(6)).

Defendant submits that the sentence proposed by his counsel – 16 months plus supervised release with a condition of mental health counseling and a restriction against internet access is the appropriate sentence in this case as an analysis of the sentencing factors will show.

1.    The Nature and Circumstances of the Offense

After speaking to and meeting with federal agents in New Jersey, Mr. Manofsky voluntarily turned over his laptop to them, apparently oblivious to what they might find on its hard drive.  After a lengthy delay in the investigation, during which Mr. Manofsky, believing that nothing was going to happen in the federal matter, moved back to Massachusetts and resided here with a friend under his own name and motor vehicle license.

The New Jersey federal agents found pictures amounting to child pornography on Mr. Manosky's hard drive and charged him with a violation of 18 U.S.C. § 2252A(a)(5)(B).  He was

brought to Court for a removal hearing but insisted he wanted to plead guilty to the charges in Massachusetts rather than return to New Jersey where he well might have had procedural and substantive defenses to the charges.  Because he was unable to find a suitable third-party custodian which the Magistrate thought to be a necessary condition of release, he has been incarcerated in a unit at the Plymouth County Correctional Facility since his initial appearance (some 16 months ago).

The photographs/depictions which are the subject matter of the offense were readily available on the internet and intermixed with other kids of adult entertainment media.  Almost all of these images were obtained and placed on the internet in foreign countries where customs and laws are quite different from our own. There is no indication that these images had any effect on Mr. Manosky's conduct. Although his computer hard drive was examined, the government did not find any indication that Mr. Manofsky was in chat rooms attempting to lure minors into meeting with him.  Nor is there a scintilla of evidence that he was acting out inappropriately due to the pictures. He certainly was not forwarding them or sharing them with others as many aficionados of these items do.  His crime is simply the viewing/downloading of images.  No more, no less.

The theory behind criminalizing this conduct is that each viewer/down loader of child pornography as defined in the statute contributes incrementally to the demand for the product and may, in some cases, incite conduct by the viewer that he/she might not otherwise engage in.  The problem with the "creation of demand" theory is that the demand is worldwide and the nature of the demand is a craving for new images by some of the viewers.  Because the internet providers push such product worldwide, not even the elimination of the entire American market would put a dent in the exploitation of children in other cultures.

The upshot of all of this is that the nature of the off that Mr. Manofsky committed has had little or no effect on anyone other than himself and does not warrant the imposition of a guidelines

sentence  The time that he has already served is sufficient to punish him based on the extent of the offense he committed.

      2.    <u>The History and Characteristics of the Defendant</u>

As set out in this Pre-Sentence Report and as amplified in Mr. Manosky's letter to probation, Manosky is a man of many talents who worked and lived a compassionate and honorable life within the bounds of the law.  The train went off the rails for him in the 1990's when both his father and mother became sick and needed his care giving.  He quit his job at the time and became a full time caretaker for his sick parents.  When both died, he was at loose ends.  He had no family other than two elderly aunts; any friends he had had become mere acquaintances.  He became very depressed.  He sold the family home to pay off debts and used what was left over to try to find a place to live and to establish himself again.  Sickness interfered, he ended up in New Jersey and this charge put him in jail awaiting disposition.

Mr. Manosky has the intelligence, talent and drive to once again become a productive member of society.  But for this case he has lived a good life.  There is no reason to believe that, having paid the penalty for his transgression, he will not return to such a life.   Continued incarceration is not necessary to rehabilitate him.

      3.    <u>Seriousness of Offense – Promote Respect for the Law –</u>

          <u>Just Punishment</u>

None of these factors warrant continued incarceration of Mr. Manosky

( a )    The nature and seriousness of the offense were discussed above and will not be repeated here.

( b )    To the extent that ordinary criminal sentences affect the public's respect for the law a 16 month sentence in this case will do so.

Public respect for the law is enhanced when a criminal case is handled openly and there is a perception that the Court carefully considered all of the sentencing factors as well as the circumstances of the Defendant and the victim in arriving at a suitable sentence. So long as the process is perceived as fair, so will the sentence.

( c )     Eighteen months incarceration at the Plymouth County Correctional

Facility is just punishment for this offense. Because of the delays in this case Mr. Manosky has already served 18 months, not in a federal prison but in an awaiting disposition unit at a county institution. Awaiting disposition at Plymouth is harsher than serving time at a camp or minimum security faculty (to which Mr. Manosky would probably have been assigned). There is literally almost nothing productive to do there and boredom takes its toll. Time seems to lengthen: "Each day seems like a year, a year whose days are long." (Wilde)

Because time is relatively longer at Plymouth County Correctional Facility than in a federal faculty and because the conditions of confinement there are more onerous than at a camp or minimum security facility, the 18 months that Mr. Manosky has already served is harsher punishment that he would have received had his case been disposed of earlier and this fact should be factored into the court's search for a fair sentence.

General Deterrence[1]

For a sentence to have a deterrent effect on the public, the case must be one that catches the public's eye. Deterrence depends upon the communication of the sentence to the public and their perception of the sentence as something that would keep them from risking that punishment for that crime. In this case, 18 months is not likely to produce any less deterrence than a guideline

---

[1]     General deterrence is a problematic sentencing factor because it presumes that an individual weighs and reflects upon the consequences of his/her acts as (s)he is about to push the computer key or click the mouse downloading the images from a forbidden website. Such a presumption is suspect. Counsel suggests this factor should be given little significance.

sentence in this case. If there is any general deterrent effect, it is the fact of jail for the offense NOT the quantity of the jail time. In that respect, the sentence proposed by the Defendant will provide some deterrence to others.

### Specific Deterrence

An important consideration in formulating a fair sentence is determining what sentence is necessary to deter the Defendant from further criminal conduct. Defendant submits that his introduction to incarceration at Plymouth County Correctional Facility including the behavior of the guards and his fellow inmates, has made it clear to him that he does not want to be in prison ever again. Additional incarceration is not necessary to drive this point home. Whatever deterrence a jail sentence brings to an individual has already deterred Mr. Manosky from further criminal conduct.

### Rehabilitation

Given Defendant's abilities, mental state, educational and work background, there is no need for further incarceration to effect rehabilitation. Continued incarceration will only makes it more difficult for Mr. Manosky to re-integrate himself into society and to obtain a job commensurate with his skills and abilities. To the extent that Mr. Manosky might require mental health counseling because of the kind of offense that he committed, outpatient therapy, if deemed necessary after a thorough sex offender evaluation, will provide this component as well as assist in specific deterrence.

### Kinds of sentences available

So far as Defendant is aware, all kinds of sentences are available from probation to the maximum sentence for which the statute provides.

The Guideline Calculations

Defendant agrees with the guideline calculations of probation contained in the Final Pre-Sentence Report.

Offense Level:  18

Criminal History: I

Disparity

Defendant does not believe that a sentence of 15 months creates any sentencing disparity with others similarly situated.

Other Factors

At the time of his arrest, two (2) guns were found in his bedroom.  Mr. Manosky's license to carry firearms had expired and he is being charged with unlawful possession of a firearm by state authorities.  His release from federal custody on this case will result in the state authorities picking him up to answer to these charges.  His expose to additional time s something that the Court should consider in formulating its sentence.

IV.     **CONCLUSION**

After considering each of the pertinent facts, the Court should sentence Mr. Manosky to a term of imprisonment for 18 months with credit for time served to be followed by a 3 year term of supervised release during which time Mr. Manosky will undergo mental health counseling, be restricted from going on the internet and be subject to the general conditions of supervised release. On the basis of all the evidence and factors, this sentence is fair and just to both the Defendant and the United States.

Respectfully Submitted
**ROBERT MANOSKY**
By his Attorney;

Dated: July 10, 2006

/s/ John LaChance
John H. LaChance, Esquire
BBO# 282500
600 Worcester Road
Suite 501
Framingham, MA  01702
Tel:  (508) 879-5730
Fax: (508) 879-2288

## CERTIFICATE OF SERVICE

I, John H. LaChance, Esq., do hereby certify that I have served a copy of the foregoing upon the government by electronically filing the same with the CM/ECF system to Assistant United States Attorney Robert Richardson located at the Office of the United States Attorney, One Courthouse Way, Suite 9200, Boston, MA 02210 on this 10th day of July, 2006.

/s/ John LaChance
John H. LaChance, Esquire