UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| v. | ) CRIMINAL NO. 05-10133-ng |
| | ) |
| **ROBERT MANOSKY** | ) |

**GOVERNMENT'S SENTENCING MEMORANDUM**

The United States hereby respectfully submits its sentencing memorandum in the above matter. For the reasons below, the government recommends that this Court impose a guidelines sentence of 27 months as reasonable under the factors set forth at 18 U.S.C. § 3553(a).

**ARGUMENT**

Subsequent to the Supreme Court's decision in United States v. Booker, 343 U.S. 220 (2005), the First Circuit stated that the now-advisory guidelines "continue in our view to be an important consideration in sentencing, both in the district court and on appeal, which should be addressed in the first instance by the sentencing court." United States v. Jimenez-Beltre, 440 F.3d 514, 518 (1st Cir. 2006). The parties here are in agreement that the correct guidelines sentencing range for this case, and thus the appropriate starting-point, is 27-33 months. Defendant's Sentencing Memorandum at 7; PSR ¶ 75.

The Booker reasonableness of a sentence below (or above) this range is considered on a sliding scale: "'the farther the judge's sentence departs from the guidelines sentence the more

compelling the justification based on the factors in § 3553(a) that the judge must offer . . .'" United States v. Smith, 445 F.3d 1, 4 (1st Cir. 2006), quoting United States v. Dean, 414 F.3d 725, 729 (7th Cir. 2005).  Here, the defendant argues that, based on the 3553(a) factors, a below-guidelines sentence of 16 months is reasonable.  The government disagrees.

Nature and Circumstances of the Offense

The defendant first points out that he voluntarily turned over to agents his computer, apparently oblivious as to what they might find, and then left New Jersey after a "lengthy delay in the investigation . . . believing nothing was going to happen in the federal matter . . . ."  Def. Mem. At 2.  But there really was not a lengthy delay: the agents received the computer on July 15, 2004; found 66 images of child pornography; and had a criminal complaint filed, all by October 4, 2004.  See United States v. Manosky, No. 04-mj-08123-MCA (D.N.J.), D.E. 1.  By the time this had occurred, the defendant had disappeared.  It is possible that the timing of the defendant's decision to leave New Jersey was fortuitous, but if so it is quite a coincidence.  It does not, in any event, render his conduct any less serious than ordinary.

The defendant then notes that the depictions that resulted in the charges against him "were readily available on the internet and intermixed with other kinds of adult entertainment

media." Def. Mem. at 3. The defendant also maintains that almost all of the images were placed on the internet in foreign countries where customs and laws are different from our own. Finally, the defendant maintains that he was not acting out inappropriately due to the pictures but instead was simply downloading and viewing them.

Even assuming these observations to be true, they are not a basis for finding the defendant's commission of the charged offense less serious than the norm. Regardless of the attitude in other countries, child pornography is a serious form of child exploitation. And, while there is no evidence that the defendant himself sexually assaulted children or stalked them on the internet, the absence of those factors does not render the crime he did commit any less serious.

The defendant also argues that the theory behind criminalizing the possession of child pornography is that each viewer contributes to the market demand for such, and the defendant posits that this theory is simply incorrect. Def. Mem. at 3. First, the government disagrees that the defendant has accurately and completely captured the several strong reasons for criminalizing the behavior, which include the fact that the children depicted are re-victimized every time somebody such as the defendant downloads their images. In any event, the defendant's views on the efficacy of the law do not render his

conduct any less serious; indeed, a court may not deem a below-guidelines sentence as reasonable because of "general disagreement with broad-based policies enunciated by Congress or the Commission." <u>United States v. Pho</u>, 433 F.3d 53, 65 (1st Cir. 2006).

<u>History and Characteristics of the Defendant</u>

The defendant points out in his memorandum that he cared for his ailing parents. Def. Mem. At 4. But most people are a mix of good and bad. The defendant, far from being alone among criminal defendants in having his redeeming qualities, instead is similarly-situated. This again does not justify a sentence below what others similarly-situated would receive.

<u>Public Respect for Law</u>

The government agrees with the defendant that a court's careful application of the relevant law to the facts relevant to sentencing will promote respect for the law. <u>See</u> Def. Mem. at 5. The government simply disagrees with the defendant as to the reasonable sentence that results from this process.

<u>Just Punishment for Offense</u>

The defendant argues that pretrial incarceration at Plymouth is more onerous than incarceration in a prison and that this is a basis for a below-guidelines sentence. Def. Mem. at 5. But many defendants are incarcerated in local pretrial facilities, so this does not distinguish the defendant from many others.

As to the detention, the Magistrate Judge was concerned with three issues at the time of the detention hearing: (1) that the defendant did not have ties anywhere (the friend with whom he had been living being unwilling to have him reside there any longer); (2) the defendant had unlicensed firearms; and (3) the defendant had additional child pornography in his room when he was arrested. These appropriate concerns led the Magistrate Judge to conclude that the defendant should be released only to a suitable third-party custodian, and the defendant was ultimately detained because no such custodian could be found.

The defendant would, in any event, have been detained under 18 U.S.C. § 3143 at least as of the time he pled guilty, as possession of child pornography is deemed a crime of violence under the bail statute. 18 U.S.C. § 3156(a)(4)(c).

<u>General Deterrence</u>

The defendant argues that, if there is any deterrent effect with respect to a sentence such as this, it is the fact of a jail sentence and not the amount. Def. Mem. at 5-6. But common sense dictates that this is not so, and that the longer the sentence, the greater the deterrent effect. <u>See</u> <u>United States v. Thurston</u>, ___ F.3d ___, 2006 WL 2065404 (1st Cir. 2006). This certainly is the view of congress and the Sentencing Commission, and, as observed above, disagreement with this general premise is not a valid basis for a below-guidelines sentence.

Specific Deterrence

The defendant argues that his incarceration to date has already adequately served the purpose of specific deterrence. The government believes, however, that specific deterrence is an even greater concern in this case than in many others. Here, the defendant did not simply possess child pornography and then stop when he was caught. Instead, he left New Jersey, made his way to Massachusetts, and was caught with downloaded images of child pornography in Massachusetts when the agents executed the New Jersey arrest warrant. The defendant was on notice that his conduct had attracted the attention of federal agents, yet he went to another location and repeated the conduct.[1]

Moreover, the images, both from New Jersey and from Massachusetts, have nothing to do with either an intellectual interest in anatomy or with the art of famous painters. Instead, they depict such things as anal sex involving small boys; a young prepubescent girl holding an erect penis; young prepubescent boys with erections; etc. While the defendant's motive in possessing the images is not necessarily relevant, his stated reasons for possessing the images are inherently suspect and point to the need for a guidelines sentence to drive home the message that

---

[1] Some of these images have the date 11/11/2004 in the lower right-hand corner, indicating that they were printed at that time, after the defendant had left New Jersey and after the New Jersey criminal complaint had been filed.

possession of these images constitutes serious child exploitation that must never be repeated, for any reason.

Rehabilitation

The government agrees with the defendant that incarceration is not needed in this case to promote rehabilitation, but notes that mental health services are available through the Bureau of Prisons.

Disparity

The government does disagree with the defendant that his proposed below-guidelines sentence will not create sentencing disparity. There is no evidence that others similarly-situated have received the sentence the defendant proposes. The guidelines, on the other hand, "were based on the actual sentences of many judges." Jimenez-Beltre, 440 F.3d at 518, citing Booker, 125 S.Ct. at 766-67, 28 U.S.C. § 994(o). Accordingly, a sentence within the guidelines range would be most likely to avoid unwarranted disparity.

**CONCLUSION**

For the foregoing reasons, this Court should impose a guidelines sentence of 27 months.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By: /s/Robert E. Richardson
ROBERT E. RICHARDSON
Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

I, Robert E. Richardson, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on August 14, 2006.

/s/Robert E. Richardson
Robert E. Richardson
Assistant U.S. Attorney
